UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| VAUGHN R. PRIESTER, II, ) | Case No. 08-45409-659 |
| ) | Judge Kathy A. Surratt-States |
| Debtor. ) | Chapter 7 |
| ) | |
| CHARLES W. RISKE, TRUSTEE, ) | **Adversary No. 10-04286-659** |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| v. ) | |
| ) | |
| BARBARA J. HESTERBERG, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiff Charles W. Riske's Complaint to Avoid and Recover Preferential Transfers, Defendant Barbara J. Hesterberg's Answer to Complaint of Defendant, Plaintiff's Motion for Summary Judgment, Memorandum in Support of Summary Judgment and Defendant's correspondence to attorney for Plaintiff, forwarded to the Court by attorney for Plaintiff. The pertinent facts are set forth below.

## FINDINGS OF FACT

Debtor Vaughn R. Priester, II (hereinafter "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on July 22, 2008. Plaintiff Charles W. Riske is the duly appointed Chapter 7 Trustee (hereinafter "Plaintiff"). Debtor's total assets were listed as $11,812.00 and his total liabilities were listed as $15,077.47. During the § 341 Meeting of Creditors, Debtor admitted that he received a loan from his sister, Defendant Barbara Hesterberg (hereinafter "Defendant"), to help finance home improvements. Aff. of Charles W. Riske ("Aff.") ¶ 2. Debtor later made those improvements and successfully refinanced his home for $205,000.00 through a U.S. Department of Housing and Urban Development Program. Aff. ¶¶ 2-3; Plaintiff Exhibit A. After applying the proceeds from the refinanced loan to outstanding debt on his home, Debtor was left with

$30,296.95 to use at his discretion, and Debtor repaid Defendant and other relatives. Aff. ¶ 3. Specifically, on October 13, 2007, Debtor paid Defendant $15,025.00. Aff. ¶ 5; Plaintiff Exhibit C. Debtor received a discharge on September 2, 2009.

The Plaintiff filed this adversary proceeding against Defendant on June 30, 2010 seeking to recover the $15,025.00. Plaintiff alleges that Defendant qualifies as an "insider" pursuant to 11 U.S.C. § 101(31)(A)(i), that Defendant received more than she would have under a Chapter 7 distribution and that the transfer was an avoidable preference pursuant to 11 U.S.C. § 547. Trustee's Complaint to Avoid and Recover Preferential Transfers, ¶¶ 7, 12, 13. Defendant replied that the repayment qualified for exemption under 11 U.S.C. § 547(c)(1). Answer to Complaint, Affirmative Defenses, ¶ 2. Plaintiff then moved for summary judgment, to which Defendant did not reply.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2010) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F). Venue is proper in this District under 28 U.S.C. § 1409(a) (2010).

## CONCLUSIONS OF LAW

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D. Mo. 1998). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2550 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Id.* at 323. Once the movant satisfies this burden, the burden shifts to

2

the non-moving party. *Id.* When ruling on a motion for summary judgment, a court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989) (citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224-25 (8th Cir. 1983)).

Section 547(b) of the Bankruptcy Code controls the present matter. "…[T]he trustee may avoid any transfer of any interest of the debtor in the property" if the transfer was:

   (1) for the benefit of a creditor;
   (2) on account of an antecedent debt;
   (3) made while the debtor was insolvent;
   (4) within ninety days before filing, or between ninety days and one year if the creditor was an "insider"; and
   (5) enabled the creditor to receive more than it would have under a Chapter 7 distribution.

11 U.S.C. 547(b)(1)-(5) (2010).

By Debtor's own admission, Defendant is a creditor entitled to repayment of an antecedent debt that arose when Defendant loaned money to the Debtor. Aff. ¶ 2; Plaintiff Exhibit B. This satisfies the first two requirements of 547(b). Similarly, there is no dispute that Defendant is a relative of Debtor. Answer, ¶ 7. This qualifies Defendant as an "insider" pursuant to 11 U.S.C. § 101(31)(A)(i), which captures relatives of individual debtors in the statutory definition. Debtor transferred $15,025.00 to Defendant on October 13, 2007 and filed for bankruptcy on July 22, 2008. Thus, the transfer to an insider occurred between ninety days and one year before Debtor's filing. This satisfies the fourth requirement of 547(b). At the time of filing, Debtor's estate was valued at little more than $11,000.00 while owing numerous unsecured creditors significantly more than this amount. As such, Defendant can reasonably be deemed to have received more than she would have in a Chapter 7 bankruptcy. The fifth requirement is satisfied.

Satisfaction of the third requirement, insolvency, is not immediately apparent. Plaintiff rightly argues that 547(f) instructs the Court to presume a debtor's insolvency for the ninety days preceding bankruptcy, however, the transfer in question occurred roughly nine months before the

3

filing date. When seeking to avoid a preferential transfer to an insider, the trustee bears the burden of proving by a preponderance of evidence that the debtor was insolvent at the time of the transfer. 11 U.S.C. § 547 (g) (2010); *Wells Fargo Home Mortg., Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010). Debtor's letter submitted with Plaintiff's affidavit reflects that Debtor was insolvent as early as March 2008—he could not find a job "that paid well," he was running out of savings and he was falling behind in payments to the debt management company he already had retained. Plaintiff Exhibit B. This does not speak to Debtor's financial condition in October 2007.

Debtor's Chapter 7 Petition and the HUD Settlement Statement submitted by Plaintiff are instructive. Plaintiff Exhibit A. Debtor took out loans of $17,000.00 and $15,000.00 from family members to refurbish his home in October 2007. Aff. ¶ 2; Plaintiff Exhibit A, B. Debtor later used the $30,296.95 obtained from the refinanced loan to repay his family members. Aff. ¶¶ 2, 3; Plaintiff Exhibit B. Though Debtor restructured his debt load through refinancing and repaid the family loans, he did not earn any money. Further, Debtor's Schedule F shows that he owed at least $13,530.47 in unsecured debt as early as February 2007. This information speaks to Debtor's insolvency at the time of the disputed transfer. The Bankruptcy Code defines "insolvent" as a financial condition in which the value of a debtor's "debts [are] greater than all of such entity's property…." 11 U.S.C. § 101(32)(A) (2007). The record reflects that the Debtor was insolvent at the time of the transfer, satisfying the third 547(b) requirement.

Defendant argues that the transfer qualifies for exemption pursuant to 11 U.S.C. § 547(c)(1)(A). However, Defendant provides no evidence that the transfer was made as a "contemporaneous exchange for new value" provided by Debtor. This defense is inapposite and unpersuasive. Similarly, Defendant submits personal financial records to argue that she did not issue Debtor a loan, but they also are unpersuasive.

4

In light of all evidence and arguments submitted, this Court finds that there is no genuine issue of material fact in this case, and that Plaintiff is entitled to judgment as a matter of law. By separate order, Plaintiff's Motion for Summary Judgment will be granted.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: February 28, 2011
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Charles W. Riske
Trustee
231 S. Bemiston, Suite 1220
Clayton, MO 63105

Thomas H. Riske
Lathrop & Gage, LLP
7701 Forsyth Blvd., Suite 400
Clayton, MO 63105

Barbara J. Hesterberg
32366 N. State Highway 47
Warrenton, MO 63383